IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | § |
| | § No. 3:21-mj-795-BN |
| DANIEL MORENO-LANDEROS, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER OF DETENTION**

Defendant Daniel Moreno-Landeros is charged with violating 18 U.S.C. § 922(g)(5) in a criminal complaint filed in this district.

On August 30, 2021, the Court held a preliminary hearing and a hearing on the government's motion for detention. Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

On the record today, the Court found probable cause to believe that Defendant committed the offense conduct alleged in the complaint in this case.

"The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a).

Defendant is eligible for pretrial detention under 18 U.S.C. § 3142(f)(1)(E) because Defendant is charged by a complaint with – and the Court has found probable cause to believe that he committed – a felony that is not otherwise a crime of violence

(as defined in 18 U.S.C. § 3156(a)(4)) but that involves the possession or use of a firearm.

Under the Bail Reform Act, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

The Court has considered the testimony of the case agent and the criminal complaint and the report of the pretrial services officer, all in light of the factors listed in 18 U.S.C. § 3142(g) – including the nature and circumstances of the charged offense; the apparent weight of the evidence against Defendant; Defendant's history and characteristics; whether Defendant was, at the time of the current offense or arrest, on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

The evidence shows that Defendant has no legal status in this country and was illegally in possession of a firearm and a user-quantity of cocaine when detained and

that he has no verifiable residence. According to the pretrial services report, Defendant has some pending drug and weapon charges but no convictions.

The evidence also shows that Defendant is subject to a so-called ICE detainer from Immigration and Customs Enforcement ("ICE"). As the Court explained at the hearing, the Court is uncomfortable, at the least, in relying on what a federal agency may do while this criminal case is pending to remove Defendant – involuntarily from Defendant's perspective – if Defendant is released as a basis for finding that no combination of conditions could be set to reasonably assure Defendant's appearance as required.

Under the Bail Reform Act, on the government's attorney's motion or on the Court's own motion, detention may be requested "in a case, that involves – (A) a serious risk that [the defendant] will flee." 18 U.S.C. § 3142(f)(2). "If, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). Section 3142(f)(2)'s preliminary requirement for holding a detention hearing suggests that a defendant must himself present a serious risk of, through his own volition, failing to appear or – in the words of the statute – "fleeing," and, in context, the better reading of Section 3142(e)(1)'s phrase "no condition or combination of conditions will reasonably assure the appearance of the person as required" appears to be that the statute directs the Court to decide whether conditions can be

set to address any risk that a defendant will, through his own volition or of his own accord, fail to appear, not whether a government agency will make it impossible for him to appear. The Bail Reform Act, after all, does not suggest that Section 3142 conditions of release should or could be addressed to or imposed on independent federal agencies.

But the Court need not, in this case, resolve the issue of whether a pending ICE detainer may, as a matter of law, properly form a basis for the findings required for detention under Section 3142(e)(1). As explained at the hearing, without relying on what ICE may or could do while this criminal case is pending, the Court finds that the government has met its burden to show that no combination of conditions of release will reasonably assure Defendant's appearance as required.

Under the Bail Reform Act, the Court may, while ignoring the effect of the ICE detainer, properly consider the likelihood that Defendant – faced now with criminal charges that, if he is convicted, are likely to result in a prison sentence followed by removal or deportation upon his release from prison – will, if released pending trial, comply with orders to appear for court proceedings in this case as required.

Whatever interest Defendant has had in staying in this country when he was not facing a federal criminal case for illegal firearm possession, his incentive structure has now materially changed. If released pending trial, Defendant – without an established residence – is now faced with the choice of appearing for court and trying to obtain a dismissal of or not-guilty verdict on the charge against him (at which time he could expect to be removed or deported), at the risk of serving a

significant prison term and facing possible deportation to Mexico upon his release from incarceration, or absconding or fleeing – whether to Mexico or somewhere else (including in this country or even in this area) – to avoid the risk of serving a prison sentence before likely being removed to Mexico.

These facts support a finding by a preponderance of the evidence that there is no condition or combination of conditions that could be set to reasonably assure Defendant's appearance as required if Defendant were released.

Based on the facts explained above, the Court's findings based on those facts considered as a whole, the Court finds that there is no condition or combination of conditions that could be set to reasonably assure Defendant's appearance as required if he were to be released while this case is pending. Accordingly, the Government's motion for detention is GRANTED.

It is ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings.

It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections

facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: August 30, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE